US DISTRICT COURT for the SOUTHERN DISTRICT OF FLORIDA

Fort Lauderdale Division

CIVIL CASE # 24 - cv-61911-AHS

KANNAN NAGARAJAN PLAINTIFF

VS.

PETRI CONSTRUCTION LLC,
American Arbitration Association, Inc.
MS. JUDITH B ITTIG ESQ
5366 Logistics Leopardo Companies,MPA SDVOSB JV, LLC,
Leopardo Construction
Department of Veterans Affairs

DEFENDANTS

# COMPLAINT

FILED BY EB D.C.
OCT 15 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

**Plaintiff**

Kannan Nagarajan
2228 Quail Roost Dr
Weston, FL 33327
954-540-0274
Rknk108@yahoo.com

**Defendants**

1.
Petrie Construction LLC,
1511 S Philadelphia Road, Suite A,
Aberdeen, MD 21001
ATTORNEY FOR PETRIE CONSTRUCTION LLC
Mark Dimenna, Esq.
Offit Kurman, PA
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Tel: 410-209-6411
Mark.Dimenna@offitkurman.com

2.
American Arbitration Association, Inc.

2200 Century Parkway, Suite 300
Atlanta, GA 30345
Ms. Tiffanie Williams, Manager of ADR Services
Direct Dial: (404)320-5110
TiffanieWilliams@adr.org

3.
MS. JUDITH B ITTIG ESQ
ARBITRABATOR
Ittig & Ittig, P.C.
1420 Ninth Street NW
Washington, DC 20001
Tel: (202) 387-5508
jbi@ittig-ittig.com

4.
5366 Logistics Leopardo Companies,MPA SDVOSB JV, LLC,
4501 Route 12,
Richmond, IL 60071
Tel: 815-581-3203
rark@5366logistics.com

5.
Leopardo Construction
120 S Riverside Plaza, Suite 2150
Chicago, IL 60606
Tel: 224-250-5771
oahutsler@leopardo.com

6.
Department of Veterans Affairs,
1601 Brenner Avenue,
SALISBURY, NC 28144
Tel: 704-638-9000
complaint@jointcommission.org

## Basis of Jurisdiction

### Diversity of Citizenship

Plaintiff is an individual US Citizen, domiciled longtime resident of Broward County in State of Florida.

First defendant is a registered Maryland LLC, under the laws of State of Maryland with its principal place of business in State of Maryland. Owner of the LLC, Mr. Adam Petrie is a domiciled resident of State of Maryland.

Second defendant is a registered Georgia Corporation, under the laws of State of Georgia with its principal place of business in State of Georgia. State of incorporation of Second defendant is State of New York.

Third defendant is included in her individual capacity as an Arbitrator. She is an Arbitrator working as a contractor for Second Defendant, under the laws of District of Columbia with her principal place of business in District of Columbia. Third defendant is a domiciled resident of District of Columbia.

Fourth defendant is a registered Illinois LLC, under the laws of State of Illinois with its principal place of business in State of Maryland. Owner of the LLC, is a domiciled resident of State of Illinois.

Fifth defendant is a registered Illinois Corp, under the laws of State of Illinois with its principal place of business in State of Maryland. Owner of the company, is a domiciled resident of State of Illinois.

Sixth defendant is a department under United States of America Federal formation,with the office operating in State of North Carolina. Employee of the department who were involved in this project are domiciled resident of State of North Carolina.

## Amount in Controversy

First defendant is trying to claim **$631964.26** from various parties through an Arbitration.

## Statement of Claim

I, Kannan Nagarajan, State of Florida and Broward County Resident, file this Complaint that Defendants have done several wrongdoings in the course of the construction project of **"Veterans Hospital Addition" in the State of North Carolina for Department of Veteran Affairs**.

Herewith I am listing in detail, my claim against each one of the six defendants below for court's view.

**Claims against First defendant**

First defendant, wrongfully included myself personally (Kannan Nagarajan) into an arbitration case, where I was not a signee to any construction contract in my personal capacity. I used to work for a steel fabrication company, Perfect Group LLC, in the state of Mississippi.

Arbitration Case Number: 01-23-0004-3107 (Maryland)

Petrie Construction, LLC -vs- Perfect Group, LLC

on 02/16/24.

First defendant included "parties outside of a signed agreement to be subjected to arbitration". Per US law, as stated in legal standards and arguments below, any party outside of arbitration agreement cannot be included in an arbitration by Arbitrator, without proper judicial review by an honorable Judge.

**There is no hearing date set by Arbitrator at this time. I am filing this case before "any hearings" are scheduled by the Arbitrator, so as to give all parties enough time to reply to this court, and also have the court review all replies, to have the honorable judge to conduct a "hearing" and after the hearing, move on to Jury trial for proper verdict.**

First defedant, as I contacted various sources and found out, they have done several scores of mistakes in this hospital construction project and are in a **"bond claim" of over $250,000**, battle against some of the other Defendants. While some of those defendants are eagerly wanting to come to present their side of the story, First Defendant used its might and local Maryland connection, teaming up with Third Defendant, and denied ALL discovery requests and ALL Subpoena request. All of the discovery and subpoena request of First defendant's were granted by Third defendant. This is similar to a situation where, an applicant for a job position saying during interview, you will not have access to any of managers, or records at my previous employment.

First defendant did NOT follow their own schedule agreed up on in the sub contract. Per CPM schedule agreed up on in the contract, steel was to be erected at job site from 8th April, 2021 to 7th May, 2021. This did not happen, and First defendant never provided proper revised schedule for the job, even after repeated request from Perfect Group LLC. They ignored emails, phone calls and only after 5 months that they do NOT have a schedule for field erection yet from Fourth Defendant. But First defendant, prepares a CO#003 dated 11/16/2022, exactly 559 Calender DAYS after original schedule agreed. **So who caused this 559 day delay and why?** I, Kannan Nagarajan request First defendant to provide complete details on this delay, to the court and myself for review. First defendant, hiding these details, they do not want to come out so they pressured Arbitrator (Third defendant) and prevented subpoena's being issued to them or other defendant's who possess all the documents, meeting minutes, notices etc., Per AISC code of standard practice,

**"If the fabrication or erection is significantly delayed due to revisions to the requirements of the contract, or for other reasons that are the responsibility of others, the fabricator and/or erector shall be compensated for the additional costs incurred."**

This has not happened, first Perfect Group LLC is not even notified of the reason for the delay. No steps were taken to compensate for additional cost incurred by Perfect Group LLC. **Instead, for their failures, they are asking compensation from Perfect Group LLC and others.**

**First defendant do not want anyone to hear from Fourth defendant, Fifth defendant and Sixth defendant, since they know they all have incriminating documents, pictures, meeting minutes. They all were involved in job site activities and have first hand knowledge of what happened. They all know exact details of what caused close to TWO years of delay at job site. I want to know, read, understand, and hear from them and have ability to question them during cross examination. That will prove the fault is not with Perfect Group LLC.**

First defendant have not shared any pictures of how they unloaded the fabricated steel members at site? How they stored it for weeks while they were figuring out issues with anchor bolts. I asked for pictures and was simply ignored. Not storing the members properly would affect steel members and camber in some of the members.

First defendant have not provided any of the documents, pictures, meeting minutes I have requested from them in my reply filing. When they have not shared any document, I have requested subpoena's from Arbitrator. Arbitrator teamed up with First defendant and deined all my subpoena request and discovery request. **First defendant claims their owners know all the details about the project and they will testify and I may be allowed to cross examination them!!** First I need access to all project documents, need time to review, understand, prepare my questions with back up then only I can cross examination them. Otherwise whatever they say in words without proof will become gospel for Third defendant to come up with a verdict.

First defendant's responsibility is fabrication inspections. Per AISC, all fabrication inspections need to be completed in fabricators shop/plant. Per AISC code of standard practice,

> **"Inspection of shop work by the inspector shall be performed in the fabricator's shop to the fullest extent possible. Such inspections shall be timely, in-sequence, and performed in such a manner as will not disrupt fabrication operations and will permit the repair of nonconforming work prior to any required painting while the material is still in-process in the fabrication shop."**

If any deficiencies are found, then those can be reported to Engineer of Record (EOR) and solutions given by EOR can be reworked by the steel fabricator in their plant. First defendant did not send any outside inspector during fabrication work. First defendant sent two different people and inspected the steel laying in the yard after fabrication in the plant of Perfect Group LLC in the State of Mississippi, took pictures, pulled tape measures, did visual inspections and ok'ed them for shipment to field. Perfect Group LLC specifically requested by email all steel be inspected and accepted by First defendant before shipping to job site. At that moment any and all isues became First defendant's responsibility.

Perfect Group LLC has given "Schedule of Values" for the sub contract in writing to First Defendant, when requested. That clearly show, cost breakdown for each part of the work in the

sub contract including drawing, steel fabrication, and steel erection. It is evident from the actions of First Defendant, ignored the schedule of values given, and took arbitrary decisions to suit their intent to defraud Perfect Group LLC and the federal government, started installing steel fabricated by Perfect Group LLC without their permission or serving proper notice required by the contract. They hired a NONAISC Certified Erector, on a time and material basis. By failing to do any mitigation to limit costs, damages, First defendant have NO right for any compensation. See legal standards below:

**LEGAL STANDARD**

Pursuant to North Carolina common law, "[t]he duty placed on an injured party to mitigate damages is well established."

"The general rule is that where there has been a breach of contract, the injured party must do 'what fair and reasonable prudence requires to save himself and reduce the damage[.]' " *Turner Halsey Co., Inc. v. Lawrence Knitting Mills, Inc. , 38 N.C.App. 569, 572, 248 S.E.2d 342, 344 (1978) (quoting Little v. Rose , 285 N.C. 724, 728, 208 S.E.2d 666, 669 (1974) ); see also Blakeley v. Town of Taylortown , 233 N.C.App. 441, 450, 756 S.E.2d 878, 884–85 (2014).*

"Under the law in North Carolina, an injured plaintiff must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If plaintiff fails to mitigate his damages, for any part of the loss incident to such failure, no recovery can be had." *(quoting Lloyd v. Norfolk S. Railway Co. , 231 N.C.App.368, 371, 752 S.E.2d 704, 706 (2013) )).*

*Rui Dong Zhu v. Lingling Deng, 250 N.C. App. 803, 794 S.E.2d 808 (N.C. Ct. App. 2016)*

"Under the law in North Carolina, an injured plaintiff must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If plaintiff fails to mitigate his damages, for any part of the loss incident to such failure, no recovery can be had." *Lloyd v. Norfolk Southern Railway Co., – N.C.App. - , 752 S.E.2d 704, 706 (2013)*

*Rui Dong Zhu v. Lingling Deng, 250 N.C. App. 803, 794 S.E.2d 808 (N.C. Ct. App. 2016)*

"Under the law in North Carolina, an injured plaintiff must exercise reasonable care and diligence to avoid or lessen the consequences of the defendant's wrong. If plaintiff fails to mitigate his damages, for any part of the loss incident to such failure, no recovery can be had." *Lloyd v. Norfolk Southern Railway Co., – N.C.App. - , 752 S.E.2d 704, 706 (2013)*

First defendant's without following contractual procedures, hired a non AISC certified erector on time and material basis and did field work that failed in all directions and with no proper time management caused delay.

First defendant's without following contractual procedures, with NO NOTICE given to steel fabricator Perfect Group LLC, took away their scope of work of installation on to their hands and messed it up.

First defendant's intentions are clear from above actions, to hide all details, present some half baked information to Arbitration and try and get rewarded for their failures by victimizing the Plaintiff and others.

**Claims against Second defendant**

Second defendant, enabled the first defendant to do so without letting them know, that non signatory parties are not to be entered in to Arbitration without proper judicial review by an honorable Judge.

Second defendant also violated my civil rights by rejecting a reply and counter claim I filed on time. It took me over 20 emails to get them to agree my reply was timely. BUT they still have not clearly answered my repeated question on whether they admitted my counter claim against First Defendant in to their system. Their last answer was it was not timely! But they have allowed First Defendant to file amendments twice, that were not timely.

Second defendant, questioned jurisdiction for arbitrabation at the start whether it should be North Carolina per State of North Carolina law, or State of Maryland since Petrie Construction LLC is based out of Maryland. But later they allowed Third Defendant to make a

decision by herself to oversee arbitrabation in the State of Maryland against the law. When I read and understood laws of State of North Carolina, per North Carolina State law, any contractual dispute on a project that was physically located in North Carolina, between contracted parties, must be arbitrated within the borders of the State of North Carolina, under laws of the state of North Carolina, at the time.

Second defendant has repeatedly acted against Plaintiffs interest. They won't answer my phone calls or return my voicemails. Few days after my try of contacting them, they will simply email me a reply without clearly answering my question. Then I have to send follow up emails that wont be replied till I try calling and leaving voicemail. On the CONTRARY, when I filed my answer and counter claim against First defendant, Second defendant jumped up and called me within minutes, instructing me remove my “Counter Claim” against First defendant and refile my answer!!. I was shocked how colluded first defendant and second defendants were. I requested second defendant to email me what she said on the phone call and she cannivingly emails, that I wanted to take out counter claim and refile!! Imagine the scenario, I just filed my answer and counter claim, why would I want to remove my counter claim?

Seond defendant's attorney contacted me after my filing in court house last time, asking me to remove them and Arbitrator from the case voluntarily! When I pointed out mistakes by Arbitrator, they said they have “no control” over Arbitrator's actions. Then I asked why you are asking me remove the Arbitrator from my filing? They became silent. Then I pointed out mistakes by AAA staff and attorney said email him details of the mistakes and he will see what can be done. When I emailed the details, only reply I got was the information is passed on to the staff supervisor!! No action is taken I assume, or I was not informed of what action was taken to correct the issues I pointed out in the email.

**Claims against Third defendant**

Third defendant, kept giving time for First defendant to keep amending their complaint outside of time allowed per law. Third defendant, also enabled the first defendant to do so without letting them know, that non signatory parties are not to be entered in to Arbitration without proper judicial review by an honorable Judge.

Third defendant, also violated my civil rights by NOT allowing me to do discovery, subpoena, picking deadline dates without both party consent, picking evidentiary hearing date that was chosen by First Defendant, not paying any attention to my dates provided. Third defendant also violated my civil rights by rushing a request for a Brief on Arbitrability providing only 3 days of time, when I objected, rescinding it on the day of the due date, when I scrambled and filed on time, simply gave First defendant more time to file the same. Third defendant also violated my civil rights by saying hearing on Arbitrability will happen on a future date after the evidentiary hearing.

Third defendant, made decision by herself to oversee hearing in the State of Maryland against the law. When I read and understood laws of State of North Carolina, per North Carolina State law, any contractual dispute on a project that was physically located in North Carolina, between contracted parties, must be arbitrated within the borders of the State of North Carolina, under laws of the state of North Carolina, at the time.

Third defendant, 3 days after I filed emergency case requesting temproray restraining order at Broward Federal Court, stopped the deadlines. None of the defendants filed any reply in to court docket. When judge did not let the case continue, third defendant started their process again.

Third Defendant, after my filing in federal court, realized the mistake of having arbitrabatrability hearing after the evidentiary hearing is wrong, so now she has agreed to switch the order and gave new deadline for filing documents for arbitrabatrability arguments.

**Claims against Fourth defendant**

Fourth Defendant, failed in their duty to follow the drawing and install anchor bolts with plates to resist forces. See attached **Exhibit 1**, none of these plates were installed in to foundation concrete under any of the column, in the anchor bolts in the whole job. All the columns for the building are very valuerable to failure at any point of time. They fired their site Foreman for this and other issues that I do not know of. They hid this information teaming up with Fifth defendant staff, from Sixth Defendant.

I have repeatedly requested copy of Request for Information (RFI) they have submitted to Engineer of Record (EOR) and what was the remedy from EOR for the issue. They have not sent me any information. I strongly believe they all have teamed up and did not bring this to the attention of EOR, knowing well that, all these plates are supposed to be buried under the concrete and no one is going to find out we did not install.

They need to be charged for defraud of US Public through doing improper work, supervising the improper work, actively concealing known defect but billing for the same, not disclosing it to Sixth Defendant. You can see clearly, they committed multiple fraud, collusion and defrauded Department of Veteran Affairs and thereby the Federal Government and thereby the general Public.

Fourth Defendant, failed in their duty to follow procedures by allowing First defendant's to start steel erection without proper Anchor bolt survey done first. Perfect Group LLC repeatedly informed Frist defendant's the anchor bolt survey they have done is not complete, it simply shows top of anchor bolt elevations only. A proper anchor bolt survey will be first measuring all grid layouts in field against approved Anchor bolt drawings produced by Perfect Group LLC and pointing out all mistakes in field. Without doing that, ignoring Perfect Group LLC's request, First defendant started modifing steel that was fabricated correctly to suit wrongly installed anchor bolts in field. That made several members short and several members long. That was collasal failure by First defendant, who claim they needed new members needed to be fabricated. So the snow ball effect of Fourth defendant's failure and first defendant's actions lead to all their costly mistakes and repair and refabrication. **First defendant used over 85% of member counts fabricated by Perfect Group LLC from the fabricated steel delivered, would not have any answers as to how someone could do correct work on 85% and not so right on other 15%?**

**Claims against Fifth defendant**

Fifth Defendant, aided and abetted Fourth Defendant in the fraud. If one division (Structural Steel, Division 5) of work they have done this much mistakes and fraud, I sincerely request court to call all parties to hearing. I am almost certain, Fourth and Fifth Defendants

would have done anything possible to cut corners in other 22 divisions and the subcontractors they hired for the job. It is clear, intent to cheat and commit fraud is natural for them, and I can see it is in the minds of people involved from First, Fourth and Fifth Defendants.

**Claims against Sixth defendant**

Sixth Defendant, knowingly or unknowingly participated in the sub standard construction of a public health facility to treat our nation's finest wounded veterans. I tried contacting Sixth Defendant several times by phone call, voicemails and emails. They ignored my messages completely that is driven by their complacency.

I, Kannan Nagarajan, would like to invoke "Whistle Blower Protection Act" and the "False Claims Act" against Sixth Defendant and where needed on other Defendants.

The defendant's have aided and abetted poor construction of federally funded hospital building and also have over billed Federal Government in this process of handling federally funded contracts and charged the federal government for more than what was provided.

They have delivered substantilly poor federal hospital building, where public safety is in danger. But they have demanded money for goods that does not meeet contractual obligations or regulatory requirements.

The fact of the matter is most of the employees of first, fourth and fifth defendant's are so called "specialists" in the field of construction, claiming to know and are very knowledgeable in what they do. They submitted payment claims, knowing very well the work completed is not to design standards. They received funds from the government and disbursed them for several companies for their benefit. So they carry maximum liability of knowingly defrauding the federal government.

As the Supreme Court clarified, regardless of objectively reasonable interpretations of a given person's conduct, the person can be liable under the FCA if the person: (1) "actually knew" that the claim/statement was false; (2) was "aware of a substantial risk" regarding the accuracy of the claim/statement but "intentionally avoided learning whether" the claim/statement was accurate; or (3) was "aware of such a substantial and unjustifiable risk but submitted the claims

anyway." Contractors can and should expect continued FCA scrutiny in light of the Supreme Court's decision. ***Construction Industries of Massachusetts Vol. 113, June 2023***

I am willing to confidentially file a separate "qui tam" under seal in this district court when I complete discovery in this case, and collect all evidence from all the parties who were involved in the construction project, and who are here as defendant's.

I am registered Professional Engineer and a Doctoral degree holder in Steel Construction. I have over 36 years of experience handling steel projects all around the world. I possess qualification and experience necessary to review the construction documents and make a decision.

At the time of filing of "qui tam" action, I will request the court and honorable judge to approve me as an Whistle blower, so when proper investigation is done and all the losses are found, I be legally be eligible for any portion of money allocated to whistle blower by the "Whistle Blower Protection Act" of United States of America.

## Where did the events giving rise to claim occur

I was served in State of Florida. The filings and orders by the three defendants happened online through ADR system of Second Defendant.

## What date and time did the events giving rise to claim occur

The filings have occurred at various times starting from 02/16/24 to till last week this October month.

## FACTS underlying the claims

I, Kannan Nagarajan, Citizen of United States of America and Legal resident of Broward County, have been on a 4 month religious tour to India and Asia from last week of March, 2024 and landed back only on 07/25/2024.

I, Kannan Nagarajan, has been served summons here in Florida, and unnecessarily included in an Arbitration by Petrie Construction LLC, from State of Maryland.

I used to work a Mississippi based steel fabrication company, Perfect Group LLC, as Vice President Operations. That company is no longer in business due to failure of Petrie Construction LLC, a Maryland based company's nonpayment on a project, among other things.

As a Plaintiff, Petrie Construction LLC (First defendant) has filed an Arbitration Claim against Perfect Group LLC, on 09/29/2023.

Petrie Construction LLC amended their filing for attorney fees on 10/03/2023.

Petrie Construction LLC amended their filing to include Perfect Group LLC and its partners, and myself Kannan Nagarajan, on 02/16/2024.

Petrie Construction LLC amended their filing to include Perfect Group LLC and its partners, and myself Kannan Nagarajan and my Florida Company Indus LLC, on 03/20/2024.

Discovery for Petrie Construction LLC was allowed by Arbitrator (Third defendant) .

Subpoena for Petrie Construction LLC was allowed by Arbitrator.

Discovery and Subpoena request from myself to 14 named parties, who were involved in the project working for various organizations were denied by Arbitrator in collusion with First defendant.

My objection to including myself in to the arbitrations were ignored by the Arbitrator.

Deadline for submission of briefs, exhibits, witness was set without my consent or agreement, simply matching what dates First defendant provided.

Date for Evidentiary Hearing was chosen simply looking at dates provided by First defendant. My objection for the same was ignored by the Arbitrator.

Knowing well, I am on a religious tour and coming back to USA only on 07/25/2024 or 07/28/2024, Arbitrator chose 8/1/2024 as deadline for submissions.

Knowing well, I am on a religious tour and coming back to USA only now, Arbitrator chose 8/5/2024 as date for Evidentiary Hearing.

Arbitrator, stopped proceedings when I filed "emergency" case in Broward County Federal Court and when judge closed the case without hearing that I requested to happen, Arbitrator restarted the process. None of the defendant's filed any reply in to court docket.

Arbitrator purposely created the emergency timeline, siding with first defendant on picking dates for hearing. I have not agreed for those dates and have objected to them. There by forcing me not to have enough time to go through my federal court process, last time.

## Irreparable Injury

1. The Arbitrator (third defendant) decision to oversee this arbitrabation process in State of Maryland as opposed to be in State of North Carolina itself is against the law. State of North Carolina laws clearly state any physical project that is worked on within the borders of State of North Carolina "must be" arbitrated within State of North Carolina.

2. If the arbitrabatrability hearing is conducted by scheduling it through zoom, it will bring irreparable judicial injury to myself. This is equivalent to a honorable judge having a hearing and deciding whether he has any right to include new parties to a case before him. All honorable judges know well, that has to be impartially heard by some other court and a decision be made. Then he/she is to resume per the directive. We have seen many judges recuse themselves when such conflict of interest have occurred repeatedly over last 100's of years in United States of America's legal history. So there is no point in Arbitrator having a hearing about her powers to include or exclude parties to an Arbitration that she is going to

manage, and for that reason that arbitrabatrability hearing is impractical and not to be allowed.

3. By the teaming up of first defendant and third defendant in denying myself proper discovery or subpoena's, there exist huge risk of unfairness in preparation stage and will therefore it will pave its way in to evidentiary hearing by having one party armed with all documents, records, and other party with very limited records or details. US Costitution commands and provides for a "fair" trial for all of its citizens be provided at all costs. I request the same for myself a law abiding US citizen, residing in the State of Florida.

4. If the evidentiary hearing is by scheduling it through zoom, it will bring irreparable judicial injury to myself. Until a court led by honorable judge hears the case and make decision on whether I can be included in the arbitrabation, there is no point having an evidentiary hearing, and for that reason the upcoming evidentiary hearing is impractical and not to be allowed.

5. Harm of potential award of damages by arbitrator against myself could possibly happen, absent a decision on my inclusion as party to arbitration and arbitrability power of the arbitrator on non signatories, by the honorable Judge.

6. Protecting long time State of Florida resident, against threats and improper action from out of State Litigant, AAA, and Arbitrator is warranted, to prevent irreparable injury from happening.

## Relief requested

I, Kannan Nagarajan brings forward my complaint and the events that are going to occur in this coming weeks on this Arbitration case shown in the description of the conduct below.

Based on that, I am requesting honorable Judge to review my filing, allow defendants to file their replies and then conduct an hearing and have a trial in front of Jury to hear all sides

present their arguments and let Jury decide on what they heard and bring their findings before honorable judge, so proper orders can be issued by this court under the jurisdiction of honorable judge. When that happens and this court's findings on arbitrators power and arbitrability are decided then can move on to Arbitrabation.

1. Stop Upcoming "Arbitrability Hearing" till this case is decided.
2. Stop Upcoming "Evidentiary Hearing" till this case is decided.
3. Allow all defendant's in this case to file their reply so more clarity of what actually happened will come out, then hold a hearing on the case.
4. Remove myself, Kannan Nagarajan from this Arbitration process, as a non signatory.
5. If the court decides, I am subjected to Arbitrabation, then direct the Arbitrator to allow myself to do proper discovery, issue subpoena's and be given proper time to present my case in evidentiary hearing, without predetermined time allocation and having prejuidicial mindset in dealing with my filings and actions.

## Filing for Damages

1. I, Kannan Nagarajan, at this moment in time, reserves the right to sue for damages from one or all of the defendants above at any point of time in the future.

## LEGAL STANDARDS

1. “Generally, only signatories to an arbitration agreement are bound by the agreement.” In re James E. Bashaw & Co., 305 S.W.3d 44, 54 (Tex.App.-Houston [1st Dist.] 2009, orig. proceeding) (citing Brown v. Pac. Life Ins. Co., 462 F.3d 384, 398 (5th Cir.2006)).

2. “While non-signatories to an arbitration agreement can be bound to arbitrate under principles of contract and agency law, such issues—dealing as they do with non-signatories— are gateway ‘issues of arbitrability’ that the courts are primarily responsible for deciding—not the arbitrator.” Roe v. Ladymon, 318 S.W.3d 502, 515 (Tex.App.-Dallas 2010, no pet.)

3. After reiterating in Leshin that the issue of whether the parties agreed to arbitrate arbitrability is a matter of contract law, the Texas Court of Appeals provided a list of items which do not constitute evidence supporting that a non-signatory agreed to arbitrate arbitrability:

(1) "evidence that an individual signed the arbitration agreement as an agent in his representative capacity";

(2) "evidence that the arbitration agreement references the AAA Commercial Arbitration Rules, and the fact that those rules allow an arbitrator to decide his own jurisdiction"; and

(3) Evidence of "an agreement's 'successors and assigns clause.' "

Leshin, 2015 WL 4554333, at *6. See First Options of Chi., Inc., 514 U.S. at 942, 946-47, 115 S. Ct. 1920; DK Joint Venture I, 649 F.3d at 314-19; Elgohary v. Herrera, 405 S.W.3d 785, 790-92 (Tex. App. 2013);

4. "Given the absence of clear and unmistakable evidence that Plaintiffs agreed to arbitrate arbitrability with nonsignatories, the district court had the authority to decide [the issue]."); with Brittania-U Nigeria, Ltd. v. Chevron USA, Inc., 866 F.3d 709, 715 (5th Cir. 2017).

5. "Thus, Brown, Andrea, and Joel, in their individual capacities, are non-signatories to the arbitration agreement. See Elgohary, 405 S.W.3d at 789 (identifying Herrera, in individual capacity, as non-signatory when he signed arbitration agreement as partner); see also Leshin, 2015 WL 4554333, at *6 (holding that Leshin, who signed trust agreement, which contained arbitration provision, in his capacity as trustee, was, in his individual capacity, a non-signatory); Roe, 318 S.W.3d at 515 (holding partner's signature on contract did not render him party to contract in individual capacity). Because Brown, Andrea, and Joel are non-signatories to the arbitration agreement, the terms of the arbitration agreement do not constitute evidence that they, in their individual capacities, agreed to arbitrate the question of arbitrability. Brown Lab Invs., LLC v. Moesser NO. 01-16-00837-CV (Tex. App. Aug. 7, 2018)

6. Whether the arbitration agreement binds Ladymon as a non-signatory is for the courts to decide, unless there is "clear and mistakable evidence" that Ladymon agreed the arbitrator would make that decision. See Howsam, 537 U.S. at 84, 123 S.Ct. 588; First Options, 514 U.S. at 944, 115 S.Ct. 1920. On this record, Roe has not shown that Ladymon "clearly agreed to have the arbitrator [] decide (i.e., to arbitrate) the question of arbitrability." First Options, 514 U.S. at 946, 115 S.Ct. 1920. Because the non-contracting party (here Ladymon) "did not clearly agree to submit the question of arbitrability to arbitration, the [district court] was correct in finding that the arbitrability of the [Ladymon/Roe] dispute was subject to independent review by the courts." Id. at 947, 115 S.Ct. 1920. Therefore, the trial court had the primary

responsibility to decide the question of whether Ladymon is bound by the arbitration provision in Roe's contract with Metro LLP. Accordingly, the trial court correctly concluded the arbitrability of the Roe-Ladymon dispute was subject to its de novo determination, i.e. without deference to the arbitrator's prior decision on the issue. Roe v. Ladymon, 318 S.W.3d 502, 518 (Tex. App. 2010)

7. Therefore, at the very least because the arbitration provisions here do not mention arbitration between anyone other than signatories to the agreement, the court concludes that even if enforcement by nonsignatories is a question of arbitrability, the parties did not clearly and unmistakably agree to arbitrate it." Graddy v. Carnegie Acad. 2:22-cv-00222-DBB-CMR (D. Utah Feb. 15, 2024)

8. "In Jody James Farms, the supreme court considered the entire agreement at issue, in conjunction with the AAA rules, to determine whether the parties expressed any intent to arbitrate arbitrability in disputes with nonsignatories. 547 S.W.3d at 632-33. Sister courts have similarly recognized that courts must examine the parties' entire agreement to construe an arbitration agreement. See, e.g., United Healthcare of Tex., Inc. v. Low-T Physicians Serv., P.L.L.C., No. 02-20-00033-CV, 2021 WL 210846, at *5-6 (Tex. App.—Fort Worth Jan. 21, 2021, no pet. h.) (mem. op.) ("[E]ven though an arbitration clause might appear to encompass the claims in question, the court cannot confine its analysis to the construction of that clause alone. The court must examine the entire agreement."); Daniel K. Hagood, P.C. v. Kapai, No. 05-18-01485-CV, 2019 WL 4010778, at *4 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.) (Same)."

9. “Holding that despite contract language purporting to bind "affiliates" of corporate signatory (including individual corporate officers), the parties cannot bind corporate officers to the contract and its arbitration provision unless those officers clearly agree to be bound.” As the Supreme Court has observed, it is well-established that because arbitration is a matter of contract, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986). The Court went on to note that, "[t]his axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." Id. at 648-49. Consequently, "[u]nless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." Id. at 649 (emphasis supplied). Bald v. PCPA, LLC, Case No. 15-cv-219-SM, 6 (D.N.H. 2016).

10. “We reverse the district court's order because under ordinary principles of contract and agency law, Weyand and Thiessen were not personally bound by the arbitration agreements that their corporations entered into, and therefore the arbitration panel lacked jurisdiction to render an award against them. ” DK Joint Venture 1 v. Weyand, 649 F.3d 310, 312 (5th Cir. 2011)

11. The arbitrability of the Kaplan/First Options dispute was subject to independent review by the courts. Pp. 942-947. (a) The answer to the narrow question whether the arbitrators or the courts have the primary power.to decide whether the parties agreed to arbitrate a dispute's merits is fairly simple. Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, see, e.g., Mastrobuono v. Shearson Lehman Hutton, Inc., ante, at 52, so the question "who has the primary power to decide arbitrability" turns upon

whether the parties agreed to submit that question to arbitration. If so, then the court should defer to the arbitrator's arbitrability decision. If not, then the court should decide the question independently. These two answers flow inexorably from the fact that arbitration is simply a matter of contract between the parties. Pp. 942-943. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, (1995)

12. CIPARICK, Judge. At issue on this appeal is whether a corporation that is related to, but not itself, a party to an agreement containing an arbitration clause can be compelled to arbitrate a dispute arising from an alleged breach of that agreement. We conclude that, absent a showing of abuse of the corporate form, the nonsignatory corporation cannot be compelled to arbitrate. TNS Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 335 (N.Y. 1998)

13. The New York Court of Appeals reversed and held that "[w]here the benefits are merely 'indirect,' a nonsignatory cannot be compelled to arbitrate a claim." The court concluded that Belzberg derived benefits from the financial advisory services Belzberg provided to another party but not directly from the Jefferies-Verus SAA (977 N.Y.S.2d at 689; see also KPMG LLP v. Kirschner, 122 N.Y.S.3d 18, 20-21 (1st Dep't 2020).

14. Questions of arbitrability generally are "presumptively to be decided by courts, not the arbitrators themselves" (Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 406 (2d Cir. 2009)). (9 U.S.C. § 4; see also Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403 (1967).) (See Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 101 (3d Cir. 2000)).

15. Although arbitration is favored as a matter of public policy (see, Matter of Smith Barney Shearson v. Sacharow, 91 N.Y.2d 39, 49, 666 N.Y.S.2d 990, 689 N.E.2d 884), equally

important is the policy that seeks to avoid the unintentional waiver of the benefits and safeguards which a court of law may provide in resolving disputes. Indeed, unless the parties have subscribed to an arbitration agreement it would be "unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent" (Matter of Marlene Indus. Corp. [Carnac Textiles], 45 N.Y.2d 327, 333-334, 408 N.Y.S.2d 410, 380 N.E.2d 239). TNS Holdings, Inc. v. MKI Sec. Corp., 92 N.Y.2d 335, 335 (N.Y. 1998).

16. The labor arbitrator performs functions which are not normal to the courts; the considerations which help him fashion judgments may indeed be foreign to the competence of courts. "A proper conception of the arbitrator's function is basic. He is not a public tribunal imposed upon the parties by superior authority which the parties are obliged to accept. He has no general charter to administer justice for a community which transcends the parties. He is rather part of a system of self-government created by and confined to the parties. . . ." Shulman, supra, at 1016. Steelworkers v. Warrior Gulf Co., 363 U.S. 574, 581 (1960)

17. "We granted Jody James's petition for review, which challenges the arbitrator's authority to determine whether a non-signatory can compel a signatory to arbitrate." Jody James Farms v. Altman Grp., Inc., 547 S.W.3d 624, 630 (Tex. 2018)

18. Order, Supreme Court, New York County (Andrea Masley, J.), entered May 21, 2019, which, insofar as appealed, denied the petition of 215–219 West 28th Street Mazal Owner LLC (Mazal Owner), 215 West 28th Street Property Owner LLC (215 Property Owner), 225 West 28th Street Property Owner LLC (225 Property Owner) and 213–227 West 28th Street LLC (213–227 West) (together, the non-signatory petitioners) for a permanent stay of arbitration, without prejudice, so that the issue could be decided by the arbitrator in arbitration, unanimously

reversed, on the law, without costs, and the matter remanded to the IAS court for a hearing to determine the threshold issue of whether the non-signatory petitioners are bound by the arbitration agreement. Appeal from the so-ordered transcript granting the same relief as the order, unanimously dismissed, without costs, as subsumed in the appeal from the order.

The issue of whether a party is bound by an arbitration provision in an agreement it did not execute is a threshold issue for the court, not the arbitrator, to decide (see Matter of County of Rockland [Primiano Constr. Co.], 51 N.Y.2d 1, 7, 431 N.Y.S.2d 478, 409 N.E.2d 951 [1980] ). The case is remanded to the IAS court for an evidentiary hearing and further factual development on whether the non-signatory petitioners were bound to the arbitration clause (see Rosplock v. Upstate Mgt. Assoc., Inc., 108 A.D.3d 825, 827, 968 N.Y.S.2d 706 [3d Dept. 2013] ); see also Matter of Rural Media Group, Inc. v. Yraola, 137 A.D.3d 489, 490, 26 N.Y.S.3d 531 [1st Dept. 2016] ).

The cases respondent relies upon in opposition do not change the result. Respondent's cases do not involve situations where there was a dispute as to whether the party sought to be bound to arbitrate had signed the agreement containing the arbitration clause (see e.g. Matter of Monarch Consulting, Inc. v. National Union Fire Ins. Co. of Pittsburgh, PA, 26 N.Y.3d 659, 675–676, 27 N.Y.S.3d 97, 47 N.E.3d 463 [2016] ; Garthon Bus. Inc. v. Stein, 30 N.Y.3d 943, 944, 64 N.Y.S.3d 622, 86 N.E.3d 514 [2017] ).

While respondent makes extensive arguments as to why the non-signatory petitioners were effectively parties to the agreement and thus bound by the arbitration clause, these arguments are not relevant. The IAS court did not come to a definitive ruling as to whether the non-signatory petitioners were bound by the arbitration agreement, and instead denied the petition without

prejudice so that it could be decided by the arbitrator. Absent a ruling on the issue, the only question to be addressed by this Court is whether the IAS court properly declined to do so. 215-219 W. 28TH St. Mazal Owner LLC v. Citiscape Builders Grp. Inc., 177 A.D.3d 482, 483-84 (N.Y. App. Div. 2019).

**ARGUMENT**

1. My email reply in October, 2023 to Plaintiff was specific, that I no longer work for Perfect Group LLC and not to use my business email or my Florida mailing address for communication. They simply ignored it and added not just my email, but also my business in to their claim. This is not allowed per law and it is illegal.

2. I, Kannan Nagarajan, by cited case law above, argue honorable Arbitrator does not possess power vested to make the decision to allow the First defendant to include myself personally in to this Arbitration.

3. Legal standards cited above clearly show, Arbitrability decisions are to be made by an honorable judge only, and not by the Arbitrator themselves.

4. No legal authority exists for First defendant to include myself in to Arbitration. "Benefits are indirect when the parties would not have originally contemplated the non-signatory's eventual benefit." Contractual agreement between two parties gives no authority to either party to force a third non-contracting, non-signatory to be included in arbitration.

5. Most of the legal standards pointed above clearly show that, this arbitration process in particular is flawed and should not be continued in the same fashion any further. Any more action in that Arbitrabation case in the way of hearing etc., would only add to unnecessary cost, wasting valuable time of parties, administrators and Arbitrator by having to hear arguments, presentations by

parties, that won't fall under any jurisdictional or lawful decision making authority.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.

### Pro Se Party Declaration

I agree to provide Clerks office with any changes to my address where case related papers may be served. I understand my failure to keep a current address on file could lead to dismissal of my case..

Date of Signing: 10-15-2024

Signature of Plaintiff N. Kann

Name of Plaintiff Kannan Nagarajan

# VERIFICATION

I, Kannan Nagarajan, verifies that

I have reviewed the complaint.

I know or believe that if not acted up on this complaint will have immediate, irreparable injury, loss and damage to Plaintiff.

I know or believe that all allegations that the plaintiff has personal knowledge of to be true.

I believe the allegations that the plaintiff does not have personal knowledge and belief of to be true based on specified information, documents, or both.

I confirm that I will send email copies of all filings to all defendants as soon as I am able, and properly serve the **summons** obtained from the court to all defendants at their last known address through a process server. When return of service is received, I will file them all in this court docket.

Date of Signing: 10-15-2024

Signature of Plaintiff N. Kanng

Name of Plaintiff Kannan Nagarajan




NONE OF THESE PLATE WASHERS WERE INSTALLED