UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-61911-CIV-SINGHAL

KANNAN NAGARAJAN,

Plaintiff,

v.

PETRIE CONSTRUCTION, LLC, AMERICAN ARBITRATION ASSOCIATION, LLC, JUDITH BITTIG, 5366 LOGISTICS LEOPARDO COMPANIES, MPA SDVOSB JV, LLC, LEOPARDO CONSTRUCTION, and DEPARTMENT OF VETERANS AFFAIRS,

Defendants.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court *sua sponte* upon review of Plaintiff's Complaint (DE [1]). Plaintiff alleges diversity jurisdiction. 28 U.S.C.§ 1332. Plaintiff is a Florida citizen. Plaintiff has sued six Defendants, none of whom are alleged to be citizens of the State of Florida. There appears to be a dispute arising from the construction of an addition to a veterans' hospital in North Carolina. *See* Complaint, p. 3. The dispute has been referred to arbitration in the State of Maryland. *Id.* p. 4. Plaintiff appears to want to challenge and enjoin the arbitration proceedings:

> There is no hearing date set by Arbitrator at this time. I am filing this case before 'any hearings' are scheduled by the Arbitrator, so as to give all parties enough time to reply to this court, and to have the court review all replies, to have the honorable judge to conduct a 'hearing' and after the hearing, move on to Jury trial for proper verdict.

*Id.* pp. 4, 25.

As the party asking this Court to invoke its jurisdiction, Plaintiff must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. Several

Defendants are limited liability companies ("LLC"). To properly plead the citizenship of an LLC, the Plaintiff must allege the State of citizenship of each of the LLC's members. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). (citizenship of LLC includes citizenship of each member). The Court has an obligation to review pleadings for proper allegations of jurisdiction.

Plaintiff has failed to adequately identify the members of the LLCs and their citizenship. For example, for Petrie Construction, LLC, the "Owner of the LLC, Mr. Adam Petrie, is a domiciled resident of the State of Maryland. He does not, however, allege that Mr. Petrie is the *only* member of the LLC. Similarly, for both the American Arbitration Association, LLC, and 5366 Logistics Leopardo Companies, MPA SDVOSB JV, LLC, Plaintiff states the citizenship of the unidentified "owner." This is not sufficient to allege diversity jurisdiction. For this reason, Plaintiff's Complaint must be dismissed without prejudice.

It also appears that venue is not proper in the Southern District of Florida. According to 28 U.S.C. § 1391(b)

> [a] civil action may be brought in-
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to the Complaint, the only connection this district has to dispute is that Plaintiff resides in Broward County, Florida. The project was located in North Carolina and the

arbitration is scheduled to take place in Maryland. Even Plaintiff's domicile is secondary to the issues in the Complaint because Plaintiff alleges that he worked for a steel fabricator in the State of Mississippi. There appears to be no basis at all for venue in this District. For these reasons also, the Complaint will be dismissed for failure to allege facts that would support venue in this District.

Finally, the Court has reviewed the substance of the Complaint and finds that it is properly dismissed as a shotgun pleading. Federal Rule of Civil Procedure ("Rule") 8 requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The opposite of a short and plain statement of the claim is what is known as a "shotgun" pleading. "'Shotgun' pleadings are cumbersome, confusing complaints that do not comply with these pleading requirements." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

There are four basic types of shotgun pleadings: (1) those in which each count adopts the allegations of all preceding counts; (2) those that do not re-allege all preceding counts but are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) those that do not separate each cause of action or claim for relief into different counts; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. *See Weiland*, 792 F.3d at 1321–23 (quotations omitted); *see also Strategic Income Fund, LLC. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate

notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Shotgun pleadings make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996). Therefore, "shotgun pleadings are routinely condemned by the Eleventh Circuit." *Real Estate Mortg. Network, Inc. v. Cadrecha*, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)); *see also Davis v. Coca–Cola Bottling Co.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."); *Strategic Income Fund, LLC*, 305 F.3d at 1295 n.9 ("This court has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay."); *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001) ("Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice.").

A shotgun pleading is subject to dismissal. "Before dismissing a complaint with prejudice on shotgun-pleading grounds, the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to re-plead the complaint." *Arrington v. Green*, 757 Fed. Appx. 796, 797 (11th Cir. 2018) (citing *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018)).

Plaintiff's Complaint does not separate causes of action into separate counts; it does not set forth a concise statement of facts that form the basis of the Complaint; it does not identify what causes of action are being pled; and it fails to identify the claims against each Defendant by name. Instead, Defendants are referred to as "first defendant, second defendant, third defendant, etc." Simply stated, Plaintiff's Complaint is a

hodgepodge of reasons why he should not be compelled to arbitration, but it is not a coherent pleading that gives Defendants notice of the claims against them and the grounds upon which they rest.

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to properly allege the existence of diversity jurisdiction or to allege facts that would support venue in this District. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions. If Plaintiff does choose to file an Amended Complaint in this Court, he shall do so within 30 days and shall comply with this Order in all respects.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 15th day of October 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished by U.S. Mail to Plaintiff, pro se